Good morning. If I could reserve two minutes for rebuttal. If it may please the Court, Luis Ayala on behalf of the appellants. In this case, we're asking the Court for two things. One, that the order that was done by the District Court be reversed on essentially two grounds. One, the decision that was made is that... Just being reversed on one ground would not be enough for you? You want to pile on? It's a couple different. The reason with that is just because there's a couple different issues in this case. The first of it being that there was two alternative reasons why, you know, my client was... Well, I mean, why doesn't Bourne Valley make all this discussion academic? Bourne Valley doesn't even come close to applying in this case at this point. Because if you look at the order from the District Court, under both scenarios that the lower court argues, the rights of Wells Fargo and the other parties here are never affected. So the liens... Well, the statute's unconstitutional on its face. That means, doesn't it, that it applies to all these, all contexts. But this Court never gets to hear those applications of it because the deed of trust that is on the property never gets extinguished in either of those scenarios. So Bourne Valley never gets addressed in either of these cases. Now, Bourne Valley in that case, and I'll tell you a reason why it should just not be applied or even considered in this case, unless under one scenario, which wouldn't happen until it gets remanded back. That's if the sale itself is then valid, and then we have to go through the... What's the statutory basis for having this sale and having liens extinguished, if it's not the, you know, 116.3? Well, it is under 116, but we never get... Well, so that's disappeared. 116 is gone. We never get there, Your Honor, and that's kind of what my point is. Because under the first set, under the order, the first ruling by the lower court is that the HOA is allowed to split its lien into two and sell its non-priority portion to the public, which in this case what we're arguing is that that's invalid. You're not allowed to do that under any circumstance. Under that first scenario, Wells Fargo's interest never gets extinguished at all. They never need to be notified of any circumstance whatsoever under the statute because their rights are never affected. So the court never gets to address that issue. Under the second circumstance where they just simply say the sale is void, again, Wells Fargo is never again affected by the foreclosure sale. So this court never has to address the unconstitutionality of the statute again because simply speaking is that their rights are never affected, and this court should not at least determine whether it's unconstitutional You're claiming they're affected. You're trying to wipe out their lien, and your contention is that the basis for wiping out the lien is noncompliance, is authorized under 116. My argument is a little bit different. My argument is that the lien itself cannot be split. So once the lien cannot be split, the only other circumstance it can be is that the sale needs to be valid or not valid. If it's valid, well, we just don't get to that question at this point in time. A remand, at least at this point, would be appropriate for a number of different reasons. Was the Wells Fargo loan federally insured? Yes or no? I don't know. That question has not been determined. I understand that Fannie Mae had credit bid that purchase after the fact, but again My question was, was the Wells Fargo loan federally insured? I don't know, Your Honor. The record doesn't tell us? No, it does not. So let me be sure I understand where you're coming from on this. You're trying to bid, what, $3,000, $4,000 on this property? It's $5,100. $5,100. What's the property worth? I think the note itself is $125. Right. And this is money that Wells Fargo has lent to these people who purchased it, right? Correct. And so you're trying to, you want us to read these statutes to let your client wipe out Wells Fargo and pick up this property for $5,000, wipe out all of these leads. I'm not asking that. Right? No, I'm not asking that. Yes, you are. I mean, that's what you are seeking in this litigation. You're seeking to pick up, to get title to the property for $5,000, right? Not at this point, though. I mean, not here. We're not going to give you title. It's when you go back and finish litigating. That's what you're trying to do. Under the priority of the statute. Right? Your Honor, yes, but I think there's an explanation for that. That's your end game here. The price doesn't matter. That's your end game. Don't tell me what matters. Just answer my question. That's your end game, correct? Ultimately, the result of the sale is that the liens below it can extinguish. You want to pick up the property for $5,000 that's worth $150,000. $5,000, $10,000, or $100,000, it's not relevant. Look, don't tell me what's relevant. You asked my question. The problem you have is the longer you talk, the less convincing you are. The sale price of $5,100 was what was paid at a public auction. Ultimately, that's what the public auction is for, is that a bid price of $5,100. If it was more, if it was less. What do you expect to get in the end? In the end is ultimately a ruling that the lien cannot be split. Nobody ever wants a ruling. You can't eat rulings. You can't sell rulings. What do your clients want in the end? When the litigation is over, when the dust is cleared, what do they expect to have? Ultimately, it's very difficult. They expect locally. They expect to have. Stop that. Fill in the blank. They expect to have. Fill in the blank. If the property is. Answer his question. If the deed on the property is subject, then it's very different because then their rights are different. Because they either take it subject to the deed of trust or they don't. Both are very different results in this case, and that's what we're trying to at least establish here. If ultimately the deed of trust is a lien on the property, then that is a better result than the lien being split. Look, you're trying to get the property for $5,000. Why is that? That's pretty. All the papers reek of that solution. Why are you evading it? I'm not. Why do you think evading that simple question is going to help your case before me? In your honor, believe me, the price that was paid at the auction, again, if that's ultimately what they are seeking is that they purchase the property free and clear of. Let me just make that even clearer. If when the dust settles, your clients wind up with the property, you are not now committing that they're going to give it back, right? No, of course not. They're going to keep it? Yes. And that's sort of one of the possible outcomes of the litigation as far as you're concerned? Yeah. And that's a preferred outcome, right? You really want that. Absolutely. I mean, if the deed of trust is liened against the property, yes, that is a preferred outcome than what ultimately. You really should go back and watch the oral argument and watch yourself weasel. You do not do your client any good, and you don't do your professional reputation any good by doing what you did here today, and it's now on video to be seen by the world. You should watch it and be really careful about it. Yes, Your Honor. You do this a lot, and you're not going to have a reputation. Okay? Do you have anything further? No, unless the Court has any questions for me. Thank you. In light of what you've heard today, is there anything that wasn't adequately covered in your briefs that you need to speak about? No, Your Honor. We think it's a straight-up Bourne Valley case, and that's it. Thank you. The case is resolvable, so answer the minutes. Thank you, Your Honor. Thank you.
judges: Parker, Kozinski, Hawkins